## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 17-162 |
| | : | |
| | : | |
| ADRIAN CISNEROS-TORRES | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Adrian Cisneros-Torres ("Mr. Torres") submits this sentencing memorandum and respectfully requests this Court impose a sentence of time-served.  By May 18, 2017, Mr. Torres will have been in custody nearly three months.   With a recommended sentencing guideline range of zero to six months, a sentence of time-served is squarely in the middle of that range.  Sentencing him to additional time will result in a sentence greater than necessary to achieve the goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a).  As such, a sentence of time-served is appropriate in this case.

### I.    MR. TORRES' PERSONAL HISTORY

Mr. Torres was raised in Oaxaca, Mexico with his parents and three siblings.  Like many in Mexico, Mr. Torres' family had the basics such as food and shelter, but little more.  He describes his childhood home as having two rooms and being made of wood and cardboard with a zinc roof.   PSR ¶ 52.  Mr. Torres attended school until the sixth grade, only dropping out due to his family's inability to pay for further schooling.  PSR ¶ 62.  His father worked as a jeweler and often travelled long distances through the mountains to sell his wares, leaving the children and their mother alone in Oaxaca.  The family suffered tremendously when his father died in

1998.  PSR ¶ 53.  Mr. Torres looked up to his father and cites him as a very positive influence in his life.  *Id.*  His father's death also caused extreme financial hardship and ultimately led to Mr. Torres coming to the United States to find work.  Mr. Torres' mother and two of his siblings currently reside in Oaxaca, Mexico.  PSR ¶ 51.

Mr. Torres has two children, ages 16 and 13 with his long-term girlfriend Maria Quirós. This period of incarceration has been very hard on his family.  In addition to the financial hardship it has brought them, his children have suffered emotionally as well.  Both sons have exhibited signs of depression and sought counseling.  PSR ¶¶ 56, 57.  Mr. Torres feels a tremendous amount of responsibility to his family.  Being incarcerated has prevented him from seeing them or supporting them in any way.

## II.    APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

In its sentencing memorandum, the government asks this Court to impose a guideline sentence.  A sentence of time-served is squarely in the middle of the guideline range of zero to six months.  Imposing a sentence greater than time-served will be greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unwarranted.

Mr. Torres is a hard-working, family man.  He came to the United States to work and make a better living for himself.  He has a wife and two teenage sons.  He has always supported them and his incarceration has negatively affected them both emotionally and financially.  Mr. Torres understands that if he does illegally reenter the United States, he will be subject to further prosecution and further incarceration.  This provides him, as well as the general public, deterrence from committing this crime in the future.

Furthermore, there are no medical or educational considerations for this Court when fashioning an appropriate sentence.  Fortunately, Mr. Torres is in good health.  Additionally, a

sentence at the very top of the guideline range (six months) will not provide enough time for the Bureau of Prisons to designate and transfer Mr. Torres to a facility to receive any such training or education.[1]

Lastly, the public will be protected from future criminal acts by the defendant because he is subject to a detainer from the Bureau of Immigration and Customs Enforcement ("ICE"). After he serves his sentence for this Court, he will be turned over to the custody of the ICE for administrative proceedings and possibly further detention.   While Mr. Torres has had contacts with law enforcement, most date back to the 1990s and include constitutionally-questionable offenses such as "failure to stop and give information" and "failure to identify oneself to a peace officer."  PSR ¶¶ 37, 41.  His other convictions were misdemeanors or summary offenses dating back to the 1990s, with the one exception of driving without a license in 2016.  This record does not support further incarceration to meet the statutory goal of protecting the public from future crimes of the defendant.[2]

---

[1] In addition to timing consideration, it is highly unlikely that Mr. Torres would be afforded vocational or educational opportunities due to his status as a deportable alien.  The presence of an immigration detainer will limit access to programs available to similarly-situated United States citizens, including literary and English as a Second Language programs, as similarly-situated United States citizens.   28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3).  In essence, Mr. Torres will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled – an unlikely scenario considering budgetary restraints.

[2] Mr. Torres was unaware he had any open warrant as cited in PSR §§ 46, 47.

### III.   <u>CONCLUSION</u>

Mr. Torres respectfully requests this Court impose a sentence of time-served for all the reasons cited herein, as well as any that become apparent during the sentencing hearing on May 18, 2017.

Respectfully submitted,


<u>/s/ Nancy MacEoin</u>
NANCY MacEOIN
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum, by electronic notification or hand delivery to her office, upon Anita Eve, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender

DATE:        May 12, 2017